UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re:                                              Chapter 11
                                                    Case No. 12-23616 (RDD)

    MOSDOS CHOFETZ CHAIM, INC.,        **MOSDOS'S OBJECTION TO AVON'S**
                                                    **MOTION TO REPLACE BFK AS**
                                                    **MOSDOS'S PRO BONO COUNSEL IN**
                  Debtor,           **THE YCC ACTION, AND/OR TO**
                                                    **APPOINT A CHAPTER 11 TRUSTEE**

------------------------------------x

       Mosdos Chofetz Chaim, Inc. ("Mosdos") submits this Objection to the motion of Avon Group LLC ("Avon") which seeks to (a) replace Backenroth, Frankel & Krinsky, LLP ("BFK") as pro bono counsel to Mosdos in the YCC Action (defined below); and/or, alternatively (b) appoint a Chapter 11 Trustee for Mosdos (ECF No. 's 170-172).

       Yeshiva Chofetz Chaim, Inc. ("YCC"), a religious corporation, sued Mosdos in District Court (the "YCC Action") to invalidate the transfer of certain Property (defined below) to Mosdos for lack of prior Court approval under New York Religious Corporation Law ("RCL") § 12(1). Avon basically alleges that BFK should be replaced because (a) Mosdos has not amended its answer to assert alter ego/veil piercing defenses against itself and YCC; (b) Mosdos has not served its own discovery to YCC; (c) BFK has not participated in the YCC Action; (d) Joseph Haspel is still attorney of record for Mosdos and has appeared at Court Conferences; and (e) dispositive motions must be made by March 15, 2016, which Mosdos will not oppose.

       Avon's motion to replace BFK should be denied because it omits that it has intervened and is a now formal party to the YCC Action. Moreover, the District Court has ruled that equitable defenses are inapplicable to a violation under RCL § 12, *Mosdos Chofetz Chaim, Inc., v. RBS Citizens, N.A.*, 14 F.Supp.3d 191, 219-220, 224 (S.D.N.Y. 2014), and there are other legal defects to such defenses (Point A). In any event, Avon has asserted its own defense and counterclaim against YCC for alter ego and veil piercing (BackDec. Ex. A). Avon also omits that it has served its own substantial discovery to YCC (BackDec. Ex.'s B-D), far in excess of the District Court Ordered "limited discovery" (SchwedDec. ¶ 5, Ex. D), which Mosdos can utilize without issuing duplicative discovery. Additionally, Avon's contention that BFK has done absolutely nothing and has not participated in the proceedings is absolutely false. Avon also omits that Mr. Haspel is still Mosdos's counsel in the Mosdos Action (defined herein), which is a related action in which Mosdos is suing Avon. Furthermore, the purported March 15, 2016 deadline for dispositive motions has been

adjourned (BackDec. Ex. E), and in any event, Avon is now a party to the YCC Action and will vigorously oppose any YCC dispositive motion.

## Background

In late December 2014, Mosdos moved herein to approve a stipulation with YCC to modify the automatic stay to permit the YCC Action to continue. The Court granted the motion over Avon's objection, lifted the stay and permitted the YCC Action to continue in the District Court, subject to Mosdos's retention of disinterested counsel. Mosdos then retained Abraham Backenroth/BFK as pro bono counsel, which the Court approved by Order dated March 26, 2015. Upon being retained, BFK investigated the facts and applicable law as set forth below.

**There Was No Prior Court Approval For YCC's Transfer
Of The Property To Mosdos, As Required Under RCL § 12**

Mosdos is a religious corporation organized under the RCL in 2003 (BackDec. Ex. F). It is currently the title holder of a five acre parcel of land situated in the town of Ramapo, Rockland County, New York (the "Property"). Mosdos acquired title to the Property in December 2005 from YCC, an affiliated entity. YCC is also a religious corporation and was organized under the RCL in 1925 (BackDec. Ex. F).

Pursuant to RCL § 12(1)(as in effect at the time of the transfer), a religious corporation is prohibited from transferring or mortgaging the Property without prior Court approval. Here, it appears that YCC did not obtain prior Court approval of its transfer of the Property to Mosdos.

Moreover, N-PCL § 511 (as in effect at the time of the transfer) requires the religious corporation to (a) obtain court approval by presenting a verified petition to the Supreme Court of the corporation's judicial district (N-PCL § 511[a]); and (b) provide a minimum of 15 days notice of the petition to the attorney general (the "AG")(N-PCL § 511[b]). Here, it seems that YCC did not present a verified petition to the Supreme Court, much less provide notice of such petition to the AG.

Furthermore, the District Court has ruled that such a transfer is voidable and not subject to equitable defenses. *Mosdos*, 14 F.Supp.3d at 219-220, 224.

**It Appears That YCC Did Not Receive Consideration
For The Conveyance Of The Property To Mosdos**

The Property currently houses a new orthodox synagogue center and religious campus with sixty residential units and a large community center. YCC asserts that it sold the Property to

Mosdos for $4,000,000, which Mosdos failed to pay (SchwedDec. Ex. N, ¶'s 7 & 10).

YCC's allegations have been confirmed by the deposition testimony of Rabbi Aryeh Zaks, the Secretary of Mosdos (BackDec. Ex. G, pp. 92-94). Thus, it appears that YCC did not receive the agreed upon consideration for the conveyance of the Property to Mosdos.

Moreover, due to the lack of consideration to YCC, there does not appear to be a defense to approve the transfer under RCL § 12(9).[1]

**The Mosdos 2012 District Court Action**

In September 2012, Mosdos sued Avon and others in the District Court (Case No. 12-cv-07067 [KMK])(the "Mosdos Action"), claiming, *inter alia*, that the Mortgage is invalid for lack of prior Court approval, as required under RCL § 12(1). Joseph Haspel is the attorney of record for Mosdos in the Mosdos Action.

Avon moved for summary judgment dismissing Mosdos's claim. In support of its motion, Avon argued, among other things, that Mosdos was precluded on equitable grounds from invalidating the Mortgage for lack of prior Court approval under RCL § 12. Moreover, in support of its equitable arguments, Avon expressly asserted that "Yeshiva Chofetz Chaim is a 'd/b/a' of Mosdos" (Mos ECF No. 34, p. 7[2])(BackDec. Ex. H); and further alleged in support of its motion that "YCC is an alter ego of Mosdos" (Mos ECF No. 57, p. 3)(BackDec. Ex. I). Avon also alleged that even if the Mortgage is invalid, it should still be approved *nunc pro tunc* under RCL § 12(9).

**The District Court's March 30, 2014 Decision**

On March 30, 2014, the District Court issued its Decision in *Mosdos*, 14 F.Supp.3d 191 (S.D.N.Y. 2014). Judge Karas ruled, among other things, that a party may not avoid RCL § 12's Court-approval requirement on **equitable grounds**. The District Court stated:

---

[1] In December 2005, Mosdos also provided a mortgage (the "Mortgage") on the Property to RBS Citizens, NA a/k/a Citizens Bank, NA ("Citizens"), evidenced by a note, both in the principal sum of $12,8000,000. It likewise appears that there was no prior Court approval for the Mortgage, as required under RCL § 12(1). In April 2011, Avon bought the Mortgage from Citizens for $4,000,000. It appears that Avon may have purchased the Mortgage with full knowledge of its defects, which may account for the substantial reduction in the purchase price.

[2] References to documents filed in the Mosdos Action contain the prefix "Mos"; while references to documents filed in the YCC Action contain the prefix "YCC").

3

> "New York courts have long rejected the argument that a party may avoid the impact of § 12(1)'s court-approval requirement on **equitable grounds**." *Id.*, 14 F.Supp.3d at 219-220 (emphasis added).

Judge Karas further stated that "[o]ther courts have applied similar logic to reject such **equitable arguments**" against RCL § 12. *Id.* at 220 (emphasis added). The District Court then concluded that it "must similarly reject [the] Avon Defendants' appeal to **equitable arguments**" against RCL § 12. *Id* (emphasis added). Judge Karas later reaffirmed that the "Avon Defendants' **equitable arguments** do not trump the clear statutory requirements outlined in RCL § 12." *Id.*, at 224 (emphasis added).

The District Court also stated that "the purpose of (RCL) § 12(1) ... is to protect the religious corporation that *conveys* property from unwise bargains". *Id.*, at 219. The District Court noted that it would have invalidated the Mortgage under RCL § 12, had Mosdos "filed a cross-motion for summary judgment". *Id.*, at 220.[3]

Judge Karas also denied Avon's request for summary judgment for *nunc pro tunc* approval under RCL § 12(9). The District Court initially noted that in order to approve a mortgage *nunc pro tunc* under RCL § 12(9), the mortgage must satisfy the requirements set forth in N-PCL § 511(d), i.e., that the (i) consideration and terms of the transaction are fair and reasonable to the religious corporation; and (ii) the purpose of the religious corporation or the interests of its members will be promoted. *Id.*, at 220-221.

The District Court then noted that Mosdos disputes the satisfaction of either, much less both, prongs. *Id.*, at 221-222. The District Court then concluded that "[p]utting aside the dispute over the first prong", the "Avon Defendants have not submitted enough evidence to prove before discovery has begun, that *nunc pro tunc* approval of the mortgage *at this time* would 'promote' the 'purposes of the corporation' or the interest of its members." *Id.*, at 222-223. The District Court then held "that Mosdos has raised a genuine issue of material fact as to whether the Court should grant *nunc pro tunc* approval" of the Mortgage. *Id.*, at 223.

---

[3] During a June 8, 2015 Hearing before the Bankruptcy Court, Avon's counsel even admitted in open Court that "probably it's a long shot, to get the [M]ortgage approved ultimately" (ECF No. 159, 6/8/15 Trans. p. 12, L's[14-15])(BackDec. Ex. J).

The District Court concluded that even if it "were to hold that the [M]ortgage is invalid and refuse to approve the [M]ortgage *nunc pro tunc*, [the] Avon Defendants would not be without a remedy because 'there remains a cause of action to recover damages' (citation omitted)". *Id.*, at 224.

**Avon Deposes Rabbi Zaks And Seeks Information Concerning YCC**

On July 23, 2014, Avon deposed Rabbi Aryeh Zaks as a representative of Mosdos in the Mosdos Action. During the deposition, Avon repeatedly asked questions and sought information concerning YCC, including its (a) relationship with Mosdos, and (b) transfer of the Property to Mosdos (See, BackDec. Ex. G, which only provides a sampling since the entire transcript is too voluminous).

Thereafter, on June 12, 2015, the District Court Ordered "that counsel [in the Mosdos Action] appear for a status/pre-motion conference on July 17, 2015", which it later adjourned by Court Order dated June 16, 2015 to July 31, 2015 (Mos ECF No.'s 89 & 92)(BackDec. Ex. K). Thus, the District Court Ordered Mr. Haspel to appear at the July 31, 2015 Conference, which he did in compliance with the Orders.

**The YCC 2014 District Court Action**

In June 2014, YCC filed the YCC Action against Mosdos (Case No. 14-cv-4149 [KMK]). YCC's complaint seeks a declaratory determination that its transfer of the Property to Mosdos in December 2005 was either void or voidable, due to its failure to obtain prior court approval as required under RCL § 12 and N-PCL § 511 (SchwedDec. Ex. N, YCC Compl. ¶'s 11-13). The complaint also asserts that Mosdos failed to pay YCC the Property's purchase price of $4,000,000 (Id., YCC Compl. ¶'s 7 & 10). Thereafter, in late June 2014, Mosdos timely filed its answer to the complaint.

Contrary to Avon's allegations (AvonMem. p. 9), Mosdos did not "admit every key allegation" of YCC's complaint. Rather, Mosdos only admitted that the Property's purchase price was $4,000,000; and that it never tendered the purchase price; both of which were confirmed by Rabbi Aryeh Zaks during his July 23, 2014 Deposition (BackDec. Ex. G, pp. 92-94).

In mid-July 2014, Avon wrote a letter to the District Court indicating its intention to move to intervene in the YCC Action. On September 4, 2014, Avon wrote a letter to the Court

5

again requesting leave to file a motion to intervene, and enclosed a proposed motion to that effect (the "Motion To Intervene").

**The Mosdos Bankruptcy Case**

As stated, Mosdos filed the Bankruptcy Case herein to preserve the value of the Property. In August 2014, Avon made an application for Rule 2004 discovery, including depositions and documents from Mosdos, its President (Rabbi Mayer Zaks) and its Secretary (Rabbi Aryeh Zaks).

On November 24, 2014, the Court issued an Order (the "November 24, 2014 Order") which, among other things, granted Avon certain Rule 2004 discovery, including depositions and documents from Mosdos, and Rabbis Mayer and Aryeh Zaks (SchwedDec. Ex. Q). The Court's November 24, 2014 Order also authorized Mosdos and YCC to enter into a stipulation lifting the automatic stay to continue the YCC Action, subject to certain notice and disclosure.

Thereafter, in response to Avon's Rule 2004 discovery, Mosdos produced substantial information, including 1,785 pages of documents and four declarations from Rabbi Aryeh Zaks, respectively dated February 27, March 6, May 22 & July 2, 2015 (the "Zaks Declarations")(See, ECF No.'s 151, 152-2 & 160). Much of the information produced by Mosdos relates to YCC, including YCC's banking records (Id.).

On December 31, 2014, Mosdos moved to approve a stipulation with YCC to modify the stay and to permit the YCC Action to continue. By Order dated March 13, 2015 (ECF No. 136), the Court granted Mosdos's motion, over Avon's objection, to lift the stay and to allow the YCC Action to continue, subject to Mosdos retaining disinterested counsel in the YCC Action. Mosdos then moved to retain BFK as pro bono counsel in the YCC Action, which the Court granted by Order dated March 26, 2015 ("Retention Order")(ECF No. 138)(SchwedDec. Ex. A).

**At The Time Of BFK's Retention, Avon Was Not A Formal Party To The YCC Action**

At the time that the Court granted Mosdos's retention of BFK, Avon's Motion To Intervene in the YCC Action had not yet been granted. **Thus, at the time that the Court issued the Retention Order, Avon was not yet a formal party to the YCC Action.**

Upon being retained as Mosdos's pro bono counsel, Mr. Backenroth contacted and spoke with Mr. Satnick concerning the YCC Action. Since it was understood that Mosdos and Avon are essentially on the same side in opposing YCC's claim, Mr. Backenroth requested that Mr. Satnick provide him with any materials supporting any proposed defenses to uphold the Property

transfer from YCC to Mosdos. To date, Avon's counsel has failed to get back to Mr. Backenroth on this issue.

**Avon Omits That It Is Now A Party To The YCC Action, And
That The District Court Only Allowed "Limited Discovery"**

On July 2, 2015, Avon wrote a letter to the District Court stating that "the Mosdos Action and the YCC Action" are "related"; and that "we assume that the [District] Court will treat the two cases as administratively consolidated" (SchwedDec. Ex. B, Ft. 1). Moreover, the docket sheets in the YCC and Mosdos Actions list each other as a "Related Case" (BackDec. Ex. L).

On July 31, 2015, the District Court held a Pre-Motion Conference in both the Mosdos and YCC Actions. The Conference was attended by attorneys for the parties in Mosdos and YCC Actions, including Mr. Haspel (for Mosdos in the Mosdos Action), Mr. Backenroth (for Mosdos in the YCC Action) and Mr. Satnick (for Avon).

During the Conference, the Court granted Avon's Motion To Intervene, which made Avon a formal party to the YCC Action. Moreover, in obvious recognition that the issues were primarily legal under the RCL, and that the action was ripe for summary judgment, the District Court only allowed limited discovery for a brief two months to be completed by October 30, 2015; and further set forth a briefing schedule with dispositive motions to be filed by no later than November 16, 2015.

At the Conference, Mr. Backenroth spoke with Mr. Satnick and again asked him to provide any legal authority in which an alter ego or veil piercing defense was able to overcome a religious corporation's transfer of property in violation of RCL § 12. To date, however, Avon's counsel has failed to provide any such legal authority.

The District Court memorialized its ruling by issuing a written Order, dated July 31, 2015 (the "July 31, 2015 Order")(SchwedDec. Ex. D), which "granted" Avon's "Motion To Intervene"; confirmed that Avon and Mosdos may only conduct **"limited discovery**, to be completed by October 30, 2015 (emphasis added)"; and directed that the parties "file any dispositive motions by no later than November 16, 2015" (SchwedDec. ¶ 5, & Ex. D).

**Avon Omits That It Has Filed An Answer In The YCC Action Which
Asserts Both An Alter Ego And Veil Piercing Defense And Counterclaim**

In August 2015, Avon, now a formal party to the YCC Action, filed its answer and counterclaims (the "Avon Answer") to the YCC complaint (BackDec. Ex. A). Avon's Answer

7

contains 14 affirmative defenses and 3 counterclaims, including a specific (a) defense that Mosdos and YCC are "alter egos"; and that "any corporate veil between Mosdos and YCC should be pierced" (Id., AvonAns. 14th Defense, ¶ 14); and (b) counterclaim that "Mosdos and YCC are alter egos"; and that "the Court should pierce the corporate veil" (Id., Avon Ans. 2nd CounterClaim, ¶'s 52-53).

Thus, Avon fails to disclose that it has already preserved the very same defenses that it asserts that Mosdos should now raise. Avon also asserts a counterclaim against YCC for recovery on YCC's guaranty of Mosdos's debt (Id., AvonAns. 1st CounterClaim, ¶'s 19-36).

**Avon Omits That It Has Served And Obtained Substantial Discovery From YCC**

In September 2015, Avon's counsel propounded document requests (the "Document Requests")(BackDec. Ex. B) and a Rule 30(B)(6) deposition notice (the "Deposition Notice") (BackDec. Ex. C) to YCC. Avon's Document Requests contain at least 70 different Document Requests with at least 16 additional sub parts, for a total of 86 Document Requests; while Avon's Deposition Notice sought testimony concerning 16 different areas. Avon has also served requests for admissions (the "Admission Requests") to YCC (BackDec. Ex. D), which seek 100 different Admission Requests (Id.).

Moreover, Avon obtained discovery relating to YCC in the Mosdos Action, including the deposition of Rabbi Aryeh Zaks (as a representative of Mosdos)(BackDec. Ex. G). In that deposition, Avon asked questions and sought information concerning YCC, including its (a) relationship with Mosdos; and (b) transfer of the Property to Mosdos. Furthermore, and as set forth below, Avon applied for Rule 2004 discovery (in Mosdos's Bankruptcy), which ultimately led to yet additional discovery and information from YCC, including all YCC's banking documents and the four separate Zaks Declarations (See, ECF No.'s 151, 152-2 & 160). Additionally, Avon has conducted substantial informal discovery relating to YCC, as highlighted by the various documents that it has placed before both the District and Bankruptcy Courts in motions, pleadings and papers.

Mosdos reviewed Avon's extensive discovery to and/or relating to YCC, and believed that it was more than sufficient to cover the "limited discovery" allowed by the Court's July 31, 2015 Order in the YCC Action (SchwedDec. ¶ 5, Ex. D). Thus, Mosdos did not believe that it needed to propound any additional or duplicative discovery requests to YCC in the YCC Action.

Subsequently, Avon also vigorously sought to compel YCC to comply with certain outstanding Document Requests, including through letters to YCC's counsel and to the Court (see, e.g., Schwed Dec. Ex.'s F & G), and through Court Conferences. To date, it appears that YCC has (a) responded to Avon's 100 Requests for Admissions (BackDec. Ex. M); and (b) substantially complied with Avon's 86 Document Requests. Believing that Avon's efforts to compel YCC were more than sufficient, Mosdos did not believe that it needed to provide any additional or duplicative efforts.

**BFK's Participation In The YCC Action**

Avon concedes that Mr. Backenroth appeared at the District Court's July 31, 2015 Conference, and that both he and Scott Krinsky of BFK filed notices of appearance (SchwedDec. ¶'s 4-6, & Ex.'s C & E; AvonMem. p. 6). But Avon omits that BFK has also appeared at three other Court Conferences (or four in total) in the YCC Action before Magistrate Judge Judith C. McCarthy, including on December 8, 2015; and on January 7 and February 3, 2016.

Moreover, BFK has reviewed all of Avon's extensive discovery requests, and all documents produced by YCC in response thereto. BFK also reviewed and provided comments to the Stipulated Protective Order relating to discovery (YCC ECF No. 40). Furthermore, BFK responded to Avon's separate Admissions Requests to Mosdos, which also sought 100 different requests for admissions (BackDec. Ex.'s N-O). Additionally, BFK reviewed all discovery propounded by YCC to Avon, as well as Avon's responses and document productions.

BFK has also written letters to the District Court (BackDec. P). For example, by letter to Judge Karas dated February 24, 2016, BFK asserted, among other things, that Mosdos and Avon were united in interest in opposing YCC; and that it had requested Avon's counsel to provide any materials and/or legal authority for any defenses to uphold a transfer of Property in violation of RCL § 12, including any alter-ego and/or veil piercing defenses. By letter dated February 25, 2016, Avon's counsel disputed BFK's requests, but revealingly failed to submit or cite to any legal authority in which an alter ego or veil piercing defense overcame a religious corporation's transfer of property in violation of RCL § 12.

Furthermore, BFK was prepared to participate in a settlement meeting with Avon. But Avon refused to even attend a settlement conference without a prior written settlement proposal from Mosdos that it deems worthwhile.

**The March 15, 2016 Deadline For Dispositive Motions Has Been Adjourned**

The deadlines for dispositive motions in the YCC Action, beginning with the initial deadline of November 16, 2015, have been repeatedly adjourned due to Avon's extensive discovery requests and/or its efforts to compel YCC to produce; and/or Rabbi Aryeh Zaks' health issues. Moreover, by Order dated February 25, 2016, the District Court "stay[ed] the [March 15, 2016] deadline for dispositive motions and discovery pending [the Bankruptcy Court's] ruling on Avon's [pending] motion" to replace BFK (BackDec. Ex. E).

## ARGUMENT

**A.    Mosdos Does Not Have A Good Faith Basis To Amend Its Answer To Assert Equitable Alter Ego/Veil Piercing Defenses Against Itself And YCC, Especially Since The District Court Held Equitable Defenses Inapplicable To An RCL § 12 Violation**

Avon argues that BFK should be replaced as Mosdos's pro bono counsel in the YCC Action because it has "not sought to amend Mosdos's answer to interpose obvious alter ego/veil piercing defenses" (AvonMem. p. 1). Thus, Avon basically attempts to create the impression that a valid defense has not been raised before the District Court.

Preliminarily, BFK has requested Avon's counsel on multiple occasions to provide legal authority in which alter ego and/or veil piercing defenses have overcome a religious corporation's transfer of property in violation of RCL § 12 and N-PCL § 511. To date, however, Avon's counsel has failed to provide any legal authority supporting such position. Moreover, BFK has conducted its own legal research and has not found any legal authority supporting Avon's position.[4]

Conversely, BFK has found legal authority that suggests that "New York law does not recognize a separate cause of action to pierce the corporate veil". *Carruthers v. Flaum*, 365 F.Supp.2d 448, 474 (S.D.N.Y. 2005); *Rosen v. Kessler*, 51 A.D. 3d 761, 856 N.Y.S.2d 861 (2d Dep't 2008); *Hart v. Jassem*, 43 A.D.3d 997, 843 N.Y.S.2d 121 122 (2d Dep't 2007).[5]

---

[4]    In fact, BFK has found legal authority where a religious corporation's transfer of its property "to its then-minister", was still found invalid for violating RCL § 12. *Matter Of Foreclosure Of Tax Liens By City Of Hudson*, 114 A.D.3d 1106, 981 N.Y.S.2d 225, 227 (3d Dep't 2014).

[5]    Furthermore, it appears that "[u]nder New York law as interpreted by the Second Circuit ... the[] two concepts [of veil piercing and alter ego liability] are, at least as a practical matter, identical". *MWH International, Inc., v. Inversora Murten, S.A.*, 2015 WL 728097 * 11 (S.D.N.Y. Feb. 11, 2015).

Likewise, it seems that piercing the corporate veil or alter ego doctrines are not available as defenses. *1 W.M. Fletcher*, *Cyclopedia of the Law of Corporations* § 41.10 (2015)("It has been said that the alter ego doctrine is thus remedial, not defensive, in nature")(collecting cases). Thus, it does not appear that veil piercing or alter ego doctrines can be asserted as a separate cause of action, much less as a separate affirmative defense.

"Instead, corporate veil piercing is an **equitable** doctrine which allows a corporation's separate legal existence to be disregarded so as to attach liability to operatives ordinarily insulated by the corporate form, so as to prevent fraud and achieve equity". *Intelligent Product Solutions, Inc., v. Morstan General Agency, Inc.*, 5 N.Y.S.2d 328, * 2 (Sup. Ct. Suffolk Co. Dec. 4, 2014)(emphasis added).

Here, the District Court repeatedly and expressly rejected Avon's "argument that a party may avoid the impact of [RCL] §12(1)'s court-approval requirement on **equitable grounds**", *Mosdos*, 14 F.Supp.3d at 219 (emphasis added); and later confirmed that Avon's **"equitable arguments** do not trump the clear statutory requirements outlined in RCL § 12." *Id.*, at 224 (emphasis added). Furthermore, Avon's **equitable arguments** included its claim that "Yeshiva Chofetz Chaim is a 'd/b/a' of Mosdos" (Mos ECF No. 34, p. 7)(BackDec. H ); and it further asserted in support of its motion that "YCC is an alter ego of Mosdos" (Mos ECF No. 57, p. 3)(BackDec. I). Thus, even if alter ego and veil piercing can generally be asserted as a cause of action or even as an affirmative defense, such **equitable doctrines** do not appear to set forth a defense to RCL § 12.

Additionally, it seems that a corporation cannot pierce its own corporate veil or that of its affiliate. *Coast Manufacturing Co., Inc., v. Keylon*, 600 F.Supp. 696, 698 (S.D.N.Y. 1985) (stating the general rule that "[a] corporation may not pierce its own corporate veil, nor cause its parent or subsidiary to do so", and noting that the corporate plaintiff could not "seek[] to pierce the corporate veil of its own subsidiary").

Therefore, even the equitable doctrines of alter ego and veil piercing could somehow avoid the Court approval requirement of RCL § 12, it appears that Mosdos still cannot raise such claims/defenses. Put another way, Mosdos seems to lack standing to assert a veil piercing or alter ego claim or defense against either itself or its affiliate, YCC.

Finally, the proponent of a veil piercing claim "bear[s] a heavy burden". *TNS Holdings, Inc. v. MKI Securities Corp.*, 92 N.Y.2d 335, 339 (1998). Here, it appears that YCC and Mosdos

11

are different religious corporations; organized at different times (1925 and 2003, respectively); have different boards; different missions; and YCC seems to have an additional location (BackDec. Ex. F; & Ex. G, pp. 13, 15, 56, 71 & 80). Thus, it does not appear that Mosdos can satisfy such heavy burden.

Based on all of the foregoing, it does not appear that Mosdos has a good faith basis to assert equitable alter ego/veil piercing defenses against itself and YCC, especially due to the District Court's ruling that equitable defenses are inapplicable to an RCL § 12 violation. In any event, Avon omits that it is now a formal party to the YCC Action; it appears that its interests are united with Mosdos in opposing YCC's claim; and that it has already filed an Answer which contains both a separate defense and counterclaim for both alter ego and veil piercing (BackDec. Ex. A).

**B.    Avon Omits That It Has Already Served YCC With Extensive Discovery, Which Far Exceeds The District Court Ordered "Limited Discovery", And Which Mosdos Can Utilize Without Issuing Duplicative Discovery Devices**

Avon alleges that BFK should also be replaced because it has not served discovery on behalf of Mosdos to YCC. Therefore, Avon essentially seeks to give the idea that no one has served any discovery to defend the YCC Action.

As a threshold matter, Avon admits that pursuant to the District Court's July 31, 2015 Order, discovery in the YCC Action was only supposed to be "limited" for a brief two month period and to be completed by October 31, 2015, prior to the filing of dispositive motions (AvonMem. p. 6; SchwedDec. at ¶ 5, and Ex. D thereto).

Moreover, Avon omits that it is now a formal party to the YCC Action; its interests appear to be united with Mosdos in opposing YCC's claim; and it has already served substantial discovery upon YCC, including the (a) 86 Document Requests; (b) Deposition Notice, which seeks testimony concerning 16 different areas; and (c) 100 Admission Requests (BackDec. Ex.'s B-D). Furthermore, it appears that YCC has responded to Avon's 100 Admission Requests (BackDec. Ex. M); and has substantially complied with Avon's 86 Document Requests.

Additionally, Avon has also obtained substantial (1) Rule 2004 discovery, including from YCC (SchwedDec. ¶ 15, Ex. L, ¶'s 9-27; & the four Zaks Declarations [See, ECF No.'s 151, 152-2 & 160]); and (2) discovery in the Mosdos Action, including the deposition of Rabbi Aryeh Zaks in which Avon asked questions and sought information concerning YCC, including as to its (i) relationship with Mosdos; and (ii) transfer of the Property to Mosdos (BackDec. Ex. G); and

(3) informal discovery relating to YCC, as highlighted by the various documents that it has placed before both the District and Bankruptcy Courts in motions, pleadings and papers.

Mosdos believes that it and Avon are united in interest in their defense of the YCC Action; and that Avon's extensive discovery to YCC (including as set forth in the preceding paragraphs) was more than sufficient to cover the "limited discovery" allowed pursuant to the District Court's July 31, 2015 Order (SchwedDec. ¶ 5, Ex. D). Therefore, Mosdos believes that it can utilize Avon's extensive discovery, and that it did not need to propound any additional or duplicative discovery requests to YCC.

**C.    Avon's Contention That BFK Has Done Absolutely Nothing And Has Not Participated In The Proceedings Is Absolutely False**

Avon further contends that BFK should be replaced because "they have done absolutely nothing" in the YCC Action and have "made no attempt to participate in the proceedings" (AvonMem. pp. 1 & 9). Avon's allegations are absolutely false. In fact, Avon concedes that at a minimum Mr. Backenroth appeared at the District Court's July 31, 2015 pre-Motion Conference, and that both he and Scott Krinsky of BFK filed notices of appearance in the YCC Action (SchwedDec. ¶'s 4-6, & Ex.'s C & E; AvonMem. p. 6).

Avon omits, however, that BFK also appeared at three other Court Conferences (or four in total) in the YCC Action before Magistrate Judge McCarthy, including on December 8, 2015; and on January 7 and February 3, 2016. Moreover, BFK has reviewed (a) and provided comments to the Stipulated Protective Order relating to discovery (YCC ECF No. 40); (b) all of Avon's discovery requests to YCC; and (c) all documents and information produced by YCC in response thereto. BFK has also responded to Avon's 100 Requests for Admissions to Mosdos (which is separate from the 100 Admission Requests to YCC) (BackDec. Ex.'s N-O); reviewed all discovery propounded by YCC to Avon, as well as Avon's responses and document productions; and also written letters to the Court (YCC ECF No.'s 55 & 63)(BackDec. Ex. P).

Thus, BFK believes that it has worked and participated on Mosdos's behalf in the YCC Action. Furthermore, it appears that Avon and Mosdos are united in interest in their defense of the YCC Action, and that Avon has vigorously opposed YCC. Based on all of the foregoing, Mosdos does not believe that it needed to duplicate the substantial work performed by Avon in opposing YCC's claim.

**D.    Avon Omits That Mr. Haspel Is Still Mosdos's Counsel In The
Mosdos Action And That The Mosdos And YCC Actions Are Related**

Avon appears to further assert that BFK should be replaced because Mr. Haspel has remained an attorney of record for Mosdos and continues to make appearances for Mosdos (AvonMem. p. 2). Avon's assertions regarding Mr. Haspel are untruthful.

Avon omits that Mr. Haspel is currently the attorney of record for Mosdos in the Mosdos Action. Moreover, Avon omits that the District Court Ordered "that counsel [in the Mosdos Action] appear" for the July 31, 2015 Conference (Mos ECF No.'s 89 & 92)(BackDec. Ex. K). This was further confirmed by the fact that the District Court's July 16, 2015 Order was docketed in both actions (Id..), as was the District Court's July 31, 2015 Order which is also issued under both captions and case numbers (SchwedDec. Ex. D). Thus, Mr. Haspel was Ordered by the District Court to appear at the July 31, 2015 Conference.

Furthermore, Avon's exhibits to its motion demonstrate that the Mosdos and YCC Actions are related actions. *See*, SchwedDec. Ex. B (Avon's July 2, 2015 letter to the District Court, stating that "the Mosdos Action and the YCC Action" are "related"; and that they "assume that the [District] Court will treat the two cases as administratively consolidated"); SchwedDec. Ex. D (the District Court's July 31, 2015 Scheduling Order which contains both the Mosdos and YCC captions and case numbers, and which was docketed in both actions); and SchwedDec. Ex. H (the District Court's January 6, 2016 Order which contains both case numbers, was docketed in the Mosdos Action, and further states that it should be docketed in the YCC Action). This is further confirmed by the docket sheets to both the Mosdos and YCC Actions which list each action as a related case (BackDec. Ex. L).

Thus, both actions are at the very least related; Mosdos and Avon are parties in both; and Avon believes that they are effectively being treated as administratively consolidated. Therefore, since Mr. Haspel is currently Mosdos's attorney in the Mosdos Action, his appearance at conferences in the related YCC Action (to the extent not Court Ordered like the July 31, 2015 Conference) are not improper and do not warrant the removal of BFK. Conversely, Mr. Haspel's presence has been extremely helpful, especially since he has a lot of experience in these cases; and since Rabbi Aryeh Zaks, the Secretary of Mosdos, has had serious health issues over the last year. Based on all of the foregoing, the fact that Mr. Haspel has not filed a formal motion to

withdraw in the YCC action is of no effect, and does not warrant the removal of BFK, especially since it is not a duty for BFK to perform.

### E. The March 15th Deadline For Dispositive Motions Has Been Adjourned And In Any Event, Avon Omits That It Is Now A Party And Will Vigorously Oppose Any YCC Motion

Avon appears to also allege that BFK should be replaced because "dispositive motions must be made by March 15 (2016)"; and Mosdos will not oppose any summary judgment motion by YCC (AvonMem. p. 7). Thus, Avon basically attempts to create a false sense of urgency, as if YCC has or will immediately file its dispositive motion and there will be no one to oppose it.

Avon's assertion is now moot, since the District Court's February 25, 2016 Order already "stay[ed] the [March 15, 2016] deadline for dispositive motions ... pending [the Bankruptcy Court's] ruling on Avon's [pending] motion" to replace BFK (BackDec. Ex. E).

Moreover, since YCC has not yet filed any summary judgment motion in the YCC Action, any discussion of it, much less Mosdos's potential defense thereto, is merely speculative at this point. Nevertheless, to put any such issue to rest, Mosdos will oppose any such YCC dispositive motion, to the extent that it can under applicable law. In any event, Avon omits that it is now a formal party to the YCC Action; its interests appear united with Mosdos; it has already propounded and obtained far more than the "limited discovery" allowed pursuant to the Court's July 31, 2015 Order (SchwedDec. ¶ 5, Ex. D); and it can – and obviously will -- vigorously oppose any dispositive motion by YCC, regardless of what Mosdos does.

### CONCLUSION

For all the foregoing reasons herein, Avon's motion to replace BFK as pro bono counsel to Mosdos in the YCC Action; and/or for the appointment of a Trustee; should be denied in all respects.

Dated:    New York, New York
          April 21, 2016

BACKENROTH, FRANKEL & KRINSKY, LLP
Special Litigation Counsel for Mosdos Chofetz Chaim, Inc.
          /s/Abraham Backenroth
By:_____
Abraham Backenroth, Esq. (AB-1989)
800 Third Avenue, 11th Floor
New York, New York 10022
(212) 593-1100