**ROBINSON BROG LEINWAND GREENE**  **Return Date:** December 17, 2019 at 10 a.m.
  **GENOVESE & GLUCK P.C.**
875 Third Avenue, 9th Floor
New York, New York 10022
A. Mitchell Greene
Steven B. Eichel
Tel. No.: (212) 603-6300
*Attorneys for the Reorganized Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                                                                       Chapter 11

**MOSDOS CHOFETZ CHAIM, INC.**,                     Case No: 12-23616-rdd
                                                                                   Post-Confirmation
                                             Debtor.
------------------------------------------------------------X

### STATEMENT OF DEBTOR'S COUNSEL WITH RESPECT TO EMERGENCY MOTION OF RABBI MAYER ZAKS FOR ENTRY OF AN ORDER(I) HOLDING RABBI ARYEH ZAKS IN CONTEMPT FOR WILLFUL VIOLATION OF THE CONFIRMATION ORDER, (II) A PRELIMINARY INJUNCTION BARRING RABBI ARYEH ZAKS FROM TAKING ANY ACTION WITH RESPECT TO THE PROPERTY AND THE DEBTOR'S ASSETS, (III) A TEMPORARY RESTRAINING ORDER FREEZING THE BANK ACCOUNTS CONTROLLED BY AND/OR ON BEHALF OF RABBI ARYEH ZAKS AND HENOCH ZAKS, (IV) REVERSING THE FRAUDULENT CONVEYANCES AND TRANSFERS, (V) RELATED RELIEF, AND (VI) SCHEDULING AN EMERGENCY HEARING TO CONSIDER THE RELIEF REQUESTED

**Robinson Brog Leinwand Greene Genovese & Gluck P.C.** ("Robinson Brog"), counsel to the reorganized debtor Mosdos Chofetz Chaim, Inc. ("Mosdos" or the "Reorganized Debtor"), submits its *Statement With Respect to the Emergency Motion of Rabbi Mayer Zaks for Entry of an Order (I) Holding Rabbi Aryeh Zaks in Contempt for Willful Violation of the Confirmation Order, (II) a Preliminary Injunction Barring Rabbi Aryeh Zaks from Taking any Action With Respect to the Property and the Debtor's Assets,*

1038083-3

*(III) a Temporary Restraining Order Freezing the Bank Accounts Controlled by and/or on Behalf of Rabbi Aryeh Zaks and Henoch Zaks, (IV) Reversing the Fraudulent Conveyances and Transfers, (V) Related Relief and (VI) Scheduling an Emergency Hearing to Consider the Relief Requested* (the "Statement"). In support thereof, Debtor's counsel states as follows:

1. On September 6, 2012 (the "Petition Date"), the Debtor filed for voluntary relief under Title 11 of the United States Code (as amended, the "Bankruptcy Code"). Robinson Brog has been Debtor's counsel since the Petition Date. The Debtor has been managed by Rabbi Aryeh Zaks and Rabbi Mayer Zaks. The dispute between these two brothers is a dispute between two non-debtors. There is a pending State Court action with respect to their dispute.

2. As Debtor's counsel, Robinson Brog had taken direction from both rabbis during the Debtor's bankruptcy case. As a result, Robinson Brog acknowledges that it now has a conflict, and is submitting this Statement solely to provide the Court with certain information.

3. Robinson Brog drafted Mosdos' Second Amended Plan of Reorganization of Mosdos Chofetz Chaim Inc. (the "Plan") and its accompanying disclosure statement. By order dated October 2, 2019 (the "Confirmation Order"), this Court confirmed the Debtor's Plan.

4. Section 6.1 of the Plan provides, in pertinent part, as follows:

> **Implementation.** The Plan shall be implemented by (i) the funding of approximately $900,000.00 to pay all Allowed Claims (other than TBG Radin Secured Claim) and (ii) monthly payments under the Note (in the amount of $125,857) to pay the TBG Radin Secured Claim each month for ten years (with a balloon payment in 2028), <u>or if the Debtor believes it is unable to make payments to the Holder of the TBG Radin Secured Claim, the sale of the Property to a qualified religious</u>

2

<u>corporation or not-for-profit corporation to pay the TBG Radin Secured Claim. Any such sale shall be subject to any necessary approval under section 363(d)(1) of the Bankruptcy Code, including any such approval by the New York Attorney General under New York Religious Corporations Law.</u> The Debtor shall take all necessary steps, and perform all necessary acts, to consummate the terms and conditions of the Plan, including obtaining any such approval. The Confirmation Order shall contain appropriate provisions, consistent with Section 1142 of the Bankruptcy Code, directing the Debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property required by the Plan (if necessary) or subsequent court order and to perform any act that is necessary for the consummation of the Plan. (emphasis added)

5. The Confirmation Order contains two relevant provisions. First, paragraph 22 on page 5 of the Confirmation Order provides:

> The Plan provides for its implementation through (i) the funding of approximately $900,000.00 to pay all Allowed Claims (other than TBG Radin Secured Claim) and (ii) monthly payments under the Note (in the amount of $125,857) to pay the TBG Radin Secured Claim each month for ten years (with a balloon payment in 2028), or if the Debtor believes it is unable to make payments to the Holder of the TBG Radin Secured Claim, the sale of the Property to a qualified religious corporation or not-for-profit corporation to pay the TBG Radin Secured Claim. Any such sale shall be subject to any necessary approval under section 363(d)(1) of the Bankruptcy Code, including any such approval by the New York Attorney General under New York Religious Corporations Law.

6. The claims have been paid and with the proceeds from the sale of the Property paying the TBG Radin Secured Claim, the Plan has been substantially consummated. Prior to the filing of Rabbi Mayer Zaks' Emergency Motion, Robinson Brog was prepared to close the case and sent the Debtor's application for final decree to the U.S. Trustee for approval. Debtor's counsel has not received a response from the U.S. Trustee.

7. Paragraph 22 of the Confirmation Order and fourth ordering paragraph on page 10 of the Confirmation Order authorized the sale of the Debtor's property. The latter paragraph

3

1038083-2

provides as follows:

> **ORDERED,** that the Debtor/Reorganized Debtor, a religious corporation, is hereby authorized to sell the Property pursuant to the Plan to any qualified religious corporation or not for profit corporation formed under New York Religious Corporations Law or New York Not for Profit Law, pursuant to section 363(d)(1) of the Bankruptcy Code, and pursuant to the requirements of New York State Religious Corporations Law in Article 2, Section 12 of the Religious Corporations Law, in full and final satisfaction, release and discharge of the Allowed TBG Radin Secured Claim, which is currently $24,755,000. In the event that the Property is sold, the holder of the TBG Radin Secured Claim shall receive payment on account of the Allowed TBG Radin Secured Claim sufficient to pay the TBG Radin Secured Claim in full or such other amount as agreed to in writing by the Debtor and the Holder of the TBG Radin Secured Claim. . . .

Confirmation Order at p. 10.

8. Based on the above provisions, it is our understanding that Mosdos believed it had the authority to sell the property to a qualified religious corporation or not for profit corporation to pay the TBG Radin Secured Claim, and that such sale would be under the Plan and deemed subject to Section 363(d)(1).

9. Under section 12 of the New York Religious Corporations Law, in order to sell property, mortgage or lease for a term exceeding five years, a religious corporation is required to obtain leave of Court or the Attorney General. RCL 12(1). As the Debtor has been in this Bankruptcy Court for several years, this Court, rather than the state court, had the authority over the disposition of the Debtor's assets and had the power to authorize the sale of the property. *See In re HHH Choices Health Plan, LLC,* 54 B.R. 697, 700-701 (Bankr. S.D.N.Y. 2016). The Plan had provided that there might be a sale. The Debtor served two Assistant Attorney Generals with the Plan and disclosure statement and provided over a months' notice and no objections by either Office of the Attorney General were filed

to the Plan or Confirmation, and the Debtor believed that no additional approval was required. Counsel does not believe that there was any intent by the Debtor to violate the confirmation order.

                                      **ROBINSON BROG LEINWAND**
                                      **GREENE GENOVESE & GLUCK P.C.**

                                        By: /s/A. Mitchell Greene
                                           **A. Mitchell Greene**
                                           **Steven B. Eichel**

                                      875 Third Avenue, 9th Floor
                                      New York, New York 10022-0123
                                      Telephone No.: (212) 603-6300
                                      Fax No.: 212-581-5981
                                      *Attorneys for Reorganized Debtor*

1038083-2